■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NIEVES, Appellant. [610 NYS2d 290] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered December 23, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant and his wife testified that they observed the defendant under good lighting conditions and were able to describe the defendant to police officers immediately after the robbery. Furthermore, the complainant's wife instantly recognized the defendant and called out his name. In addition, both the complainant and his wife identified the defendant approximately two weeks later from a lineup, out of the presence of each other, and each made an unequivocal in-court identification of the defendant as the robber.

Although the defendant argues that the complainant underwent a harrowing experience which undermined his ability to accurately observe and identify the perpetrator, and that both the complainant and his wife observed the defendant for only a brief time, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the

verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Furthermore, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.